WORKMAN, C. J., concurring:
 

 Every family in West Virginia and indeed the nation has been touched in some way by the tragedy that accompanies the disease of addiction and the almost insurmountable challenges of recovery. Dante diTrapano has demonstrated not only strength, courage, and determination in his long path to recovery, but the willingness to give generously of his time, energy and life experience to others on that same journey.
 

 The record contains powerful endorsements from judges,
 
 [1]
 
 current and former presidents of the West Virginia State Bar, members of the State Bar, psychologists, teachers, police officers,
 
 [2]
 
 former partners, co-workers,
 pastors,
 
 [3]
 
 community leaders, neighbors, and members of the recovery community, all in support of his petition for reinstatement. Remarkably, over 100 letters were submitted in his support and not one in opposition.
 

 In reclaiming his own life, Mr. diTrapano has been a peer volunteer for other Lawyer Assistance Program ("LAP") participants who are new to recovery and to others struggling with addiction. He is dedicated to his family and held in high respect by a wide range of friends and professional associates in the community.
 

 I write separately to emphasize that our decision today sends the message that there is hope in the battle against the disease of addiction that so many families are facing; and to make clear that West Virginia's legal profession, including our disciplinary system, supports the recovery and rehabilitation of impaired lawyers. The Amici Curiae Brief of the LAP aptly describes this matter as the opportunity for this Court to "embrace the miracle of a colleague who is one of our own."
 

 Mr. diTrapano's father, Rudolph di Trapano, one of West Virginia's most outstanding lawyers, who died last year, made a statement about his son, which, in part, reads: "I believe that when Dante' is reinstated he will flourish as a lawyer, and he will make the members of this Court proud that they took the appropriate action on his license."
 

 In oral argument in support of his petition for reinstatement before this Court, Mr. diTrapano said that if his license to practice law is restored, he will treasure it. I sincerely believe that he will. And I hope and believe that he will also treasure, preserve, and continue his remarkable lifelong journey of recovery. He has the potential to make major contributions not only to our legal system, but also to the recovery community by continuing to share his time, his energy, and his life experience to help others on the difficult road to recovery.
 

 See
 

 DiTrapano
 
 , 233 W.Va. at 768-69, 760 S.E.2d at 582-83.
 

 While turning a blind eye to the conversion of client funds, the majority also grossly misrepresents the position of the Office of Disciplinary Counsel ("ODC"). It is
 
 not
 
 "the ODC's position that a convicted felon may never be reinstated to practice law in West Virginia[,]" as the majority claims. Rather, the ODC argues that the petitioner's two felony convictions
 
 in conjunction with his other misbehavior
 
 warrant the denial of this petition. The ODC points out that, "[t]o date, this Honorable Court has not reinstated the law license of any twice convicted felon in recovery from addiction who also misappropriated client funds." The misappropriation of huge sums of a client's money, using deceitful methods, should be central to this Court's consideration.
 

 Furthermore, the majority provides no explanation for why it is taking the unprecedented step of issuing the mandate contemporaneously with its opinion. There is simply no reason to override the thirty-day provision of Rule 26(b) of the Rules of Appellate Procedure, and the Court has not expedited the mandate in other lawyer reinstatement cases. Moreover, although the majority imposes a condition of supervised practice, expediting the mandate deprives the ODC of any time to ensure that a proper plan of supervision is in place.